Matter of Port Auth. of N.Y. & N.J. v Port Auth. Police Lieutenants Benevolent Assn. (2015 NY Slip Op 00459)





Matter of Port Auth. of N.Y. & N.J. v Port Auth. Police Lieutenants Benevolent Assn.


2015 NY Slip Op 00459


Decided on January 15, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2015

Mazzarelli, J.P., Sweeny, Andrias, Moskowitz, Richter, JJ.


13969N 451813/12

[*1] In re Port Authority of New York and New Jersey, Petitioner-Appellant,
v
Port Authority Police Lieutenants Benevolent Association, Respondent-Respondent.


James M. Begley, New York (Toby J. Russell of counsel), for appellant.
Witham & Kozan, P.A., New York (Craig Kozan of counsel), for respondent.



Judgment, Supreme Court, New York County (Anil C. Singh, J.), entered June 14, 2013, confirming an arbitration award, dated September 10, 2012, rendered upon a finding that petitioner violated the parties' governing collective bargaining agreement ("Memorandum of Agreement" [MOA]) by eliminating free "E-Z Pass" privileges for retired police lieutenants, unanimously affirmed, without costs.
The MOA expressly incorporates the terms of a 1973 Port Authority Administrative Instruction, PAI 40-1.01, that provides that retired employees "receive the same allowance to which they would be entitled if their Port Authority service was not interrupted." The ruling that this language vests retired members of respondent with a lifetime interest in the EZ-Pass privileges they enjoyed while employed did not exceed the arbitrator's authority since it is not "completely irrational" (Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383 [1960]; Matter of Port Auth. of N.Y. & N.J. v Local Union No. 3, Intl. Bhd. of Elec. Workers, 117 AD3d 424 [1st Dept 2014]).
Supreme Court stated in the judgment that the arbitrator "noted" that "it will take a new Collective Bargaining Agreement and MOA to end free passes for [respondent's] members, past and present." We note that the court's remark is dictum and that the statement of the arbitrator that the court paraphrased, also dictum, expressed no such determination.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 15, 2015
CLERK